## Ex parte ALBERTSON.

## UNITED STATES ex rel. ALBERTSON v. TRUMAN et al.

### No. 3846.

United States District Court
District of Columbia.

Dec. 20, 1951.

J. B. Tietz, Los Angeles, Cal., and Thomas M. Cooley, Washington, D. C., for petitioner.

Charles M. Irelan, U. S. Atty., and Emory Reisinger, II Asst. U. S. Atty., for respondents.

KIRKLAND, District Judge.

A petition for a writ of habeas corpus was filed in this court by Leslyne Albertson on behalf of Robert L. Albertson on November 23, 1951, alleging the illegal detention of Robert L. Albertson in the United States Army. The court considered the petition fully and issued a rule to show cause to which a return has been made by the respondents.

The petitioner, a resident of California, registered with Local Board No. 135, Orange County, California, pursuant to the requirements of the Universal Military Training and Service Act of 1948, as amended, 50 U.S.C.A. Appendix, §§ 451, 473, and was classified I-A by the board on September 1, 1950. On October 28, 1950, he married the relator of this action, Leslyne Albertson. Thereafter on October 30, 1950, he notified the board informally of his change in marital status. At that time, the Act provided that married men were entitiled to a classification of III-A. The board did not reopen petitioner's case for reclassification, and on March 9, 1951, the board issued an order to the petitioner to report for induction. Petitioner obeyed that order and was subsequently inducted into the army.

The petition states that the board's refusal to reclassify Albertson as III-A after receiving notice that he had married was an arbitrary and illegal application of the Act, and therefore the order to report for induction was illegal. No attack is made upon the original classification so this inquiry will be confined to the board's refusal to act subsequent to October 30, 1950.

 Habeas corpus is the proper remedy to test the legality of petitioner's induction into the army, Falbo v. United States, 320 U.S. 549, 64 S.Ct. 346, 88 L.Ed. 305; Billings v. Truesdell, 321 U.S. 542, 64 S.Ct. 737, 88 L.Ed. 917, and since he is presently outside the territorial limits of the United States, the District of Columbia is the proper forum, Koki Hirota v. MacArthur, 338 U.S. 197, 200, 69 S.Ct. 1238, 93 L.Ed. 1902, see concurring opinion of Justice Douglas. It should be noted, however, that the proper respondents herein are not located in the District of Columbia in their official capacity, but maintain their offices in the Pentagon Building in the State of Virginia. However, in this case the defendants have entered a general appearance.

 The procedure to be followed in weighing the sufficiency of a petition for habeas corpus in this jurisdiction is set forth in two cases reported from our Court of Appeals, Dorsey v. Gill, 80 U.S.App.D.C. 9, 148 F.2d 857, and Stewart v. Overholser, 87 U.S.App.D.C. 402, 186 F.2d 339. Where a question of fact is raised by the petition, it ordinarily must be resolved by a hearing. In this proceeding, however, the relevant facts are admitted by both parties and will be construed liberally in favor of the petitioner in view of the broad remedial nature of the writ of habeas corpus.

There is here then, a question of law which has been fully argued and presented by counsel for both the petitioner and the respondents. This same question was considered in the case of U. S. ex rel. DeGraw v. Toon, 2 Cir., 151 F.2d 778, in which the court ruled that the draft board was required to reopen a case, upon a showing of a change in status, in the exercise of due process of law. In that case, however, the registrant claimed the dependency of his wife, his father and mother and a nephew and niece both minors, and his discharge was clearly necessary to prevent and relieve destitution of these members of his family. Obviously the registrant had no control over these circumstances.

 In the present case the petitioner's marriage was a voluntary act undertaken by him with full knowledge of his I-A status. Due process of law does not require that this petitioner be relieved of his responsibility to his government as a consequence of his own deliberate act. This fact situation is undoubtedly not unusual in a period when a draft law is in effect. Therefore a statement of policy by the regional or State authorities administering such an Act, stating that cases shall not be reopened upon a mere showing of a marriage subsequent to an original classification, does not constitute a declaration of a "moratium on marriages" as alleged by the petitioner. On the contrary, it is the ruling of this Court that the local boards are not re-

quired to reopen a case merely upon a showing that one classified as I-A has married since that classification. The petition must be dismissed upon the ground that it is not sufficient to support a writ of habeas corpus. The ruling of this court, however, must be confined to the fact situation presented by this petition. Each case must be considered on its own merits in determining the requirements of due process in the application of any compulsory military service act.